IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LILLIE M. AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0345-WS-B |
| | ) |
| AUTO OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On June 18, 2012, defendant, Auto Owners Insurance Company, filed a Motion to Dismiss, or in the Alternative, Motion for More Definite Statement, and Motion to Stay Discovery (doc. 9), with accompanying memorandum of law.

Any party opposing the Motion to Dismiss or Motion for More Definite Statement must file a response, supported by legal authority as appropriate, on or before **July 2, 2012**. Movant will be allowed until **July 9, 2012** to file a reply. If the Court determines that oral argument is necessary, the parties will be notified and a hearing will be scheduled. Otherwise, the Motion to Dismiss / Motion for More Definite Statement will be taken under submission after **July 9, 2012**.

With respect to the Motion to Stay Discovery embedded in defendant's filing, defendant asks that this Court "stay discovery and scheduling until the Court has ruled on this motion to dismiss." (Doc. 9, at 2.) In support of that request, defendant makes only general statements about the desirability of resolving Rule 12(b) motions before embarking on time-consuming, expensive, and potentially unnecessary discovery. But defendant fails to relate any of these broad propositions to the particular circumstances of this case. For aught the briefing shows, defendant's position is that a stay of discovery should be a kneejerk judicial reaction whenever a defendant files a motion to dismiss in federal court. The Court disagrees.

The starting point of the analysis is the well-worn premise that "district courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see also Walter Int'l Productions, Inc. v.*

*Salinas*, 650 F.3d 1402, 1415 (11th Cir. 2011) ("A district court has broad authority to control the pace of litigation before it.") (citation and internal quotation marks omitted); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("we accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling"). Although defendant asserts that *Chudasama* requires or at least favors a stay of discovery in this case, that decision "does not stand for the proposition that all discovery should be stayed pending a decision on a motion to dismiss." *Schreiber v. Kite's King Lake, LLC*, 2010 WL 3909717, \*1 (M.D. Fla. Oct. 1, 2010); *see also Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, \*1 (M.D. Ga. Oct. 10, 2008) (*Chudasama* "does not mean that discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss"). Indeed, "[a] request to stay discovery pending resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). It is the movant's burden to establish both good cause for and reasonableness of the requested stay. *See id.*; *Arriaga-Zacarias*, 2008 WL 4544470, at \*1. Auto Owners has done neither.

Significantly, plaintiff's First Amended Complaint (doc. 6) interposes causes of action against Auto Owners for both breach of contract (Count One) and bad faith (Count Two) based on defendant's denial of plaintiff's claim for insurance benefits under the subject homeowners' insurance policy following a loss to the insured property in June 2010. The Motion to Dismiss is focused exclusively on the sufficiency of plaintiff's pleading to state a claim for bad faith. Nowhere in the Rule 12(b) Motion or accompanying brief does defendant assert that the breach of contract claim found at Count One fails to state a claim upon which relief can be granted. To the contrary, the Rule 12(b) Motion does not address Count One at all. So regardless of the outcome of defendant's Motion to Dismiss / Motion for More Definite Statement, Austin's claim for breach of the subject insurance policy will remain pending in this action, and will require discovery. Nor does defendant articulate any argument that discovery contemplated by the Count Two bad-faith cause of action will be substantially or even materially broader or more extensive than that required under the Count One breach-of-contract claim. For all defendant has shown, the discovery for Count One will be coextensive to that for Count Two, meaning that such discovery will remain necessary in its entirety, irrespective of the outcome of the Rule 12(b)(6) Motion. The Court will not delay discovery for a period of months to adjudicate a

motion that plainly will not and cannot obviate the need for such discovery, no matter how it is resolved.

Simply put, defendant has not made the requisite showing of good cause for derailing the entire discovery and scheduling processes pending ruling on the Rule 12(b) Motion.  The Court's review reflects that this Rule 12(b) Motion will have no discernible effect on the breach-of-contract cause of action, which will remain pending and in need of discovery even if movant receives the full measure of relief requested.  Thus, under the circumstances presented here, a stay would serve no constructive purpose in terms of efficiency, but would amount to an unproductive, unnecessary waste of time.  For all of these reasons, defendant's Motion to Stay Discovery is **denied**.  The parties are advised that this action will proceed on a normal preliminary scheduling order / Rule 26(f) conference / Rule 16(b) scheduling order trajectory, notwithstanding the pendency of the Motion to Dismiss the bad-faith cause of action.

DONE and ORDERED this 19th day of June, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE