# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| LILLIE M. AUSTIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0345-WS-B |
| | ) |
| AUTO OWNERS INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (doc. 9).[1]  The Motion has been briefed and is now ripe for disposition.

### I.    Background.

This action is a dispute over unpaid homeowner's insurance benefits.  In her First Amended Complaint (doc. 6), plaintiff, Lillie M. Austin, alleges that defendant, Auto Owners Insurance Company ("Auto Owners"), issued a homeowners insurance policy (the "Policy") to Austin to provide coverage for her property located at a specific address in Selma, Alabama. (Doc. 6, at ¶ 11.)  The First Amended Complaint further alleges that "[o]n or about June 11, 2010, Plaintiff suffered losses due to a windstorm which caused partial and/or total destruction of

---

[1]    As part of this multifaceted Motion, defendant also requested that discovery be stayed pending resolution of the Motion to Dismiss.  The stay portion of the Motion was denied via Order (doc. 13) entered on June 19, 2012 for the stated reason that a movant must show good cause for such a stay, but that no good cause was present here because the Motion to Dismiss would not affect plaintiff's breach-of-contract cause of action, which would remain pending regardless of the outcome of the Rule 12(b)(6) issue.  As the June 19 Order concluded, "under the circumstances presented here, a stay would serve no constructive purpose in terms of efficiency, but would amount to an unproductive, unnecessary waste of time." (Doc. 13, at 3.) Accordingly, discovery has not been stayed pending resolution of the pleading issues raised by defendant.

premises and the contents thereof owned by Plaintiff which losses were compensable under the terms of the policy." (*Id.* at ¶ 15.)  According to the well-pleaded allegations of the First Amended Complaint, Austin submitted a timely claim to Auto Owners for the June 11 loss, but Auto Owners "failed to properly adjust the claim and summarily improperly paid the claim by only paying $844.91 for damage to the dwelling despite obvious knowledge and evidence of serious cosmetic and structural damage, especially to Plaintiff's roof." (*Id.* at ¶ 18.)  Plaintiff alleges that Auto Owners paid her nothing for her damaged contents, and failed to include overhead and profit in adjusting her claim. (*Id.*)

On the strength of these and similar factual allegations, the First Amended Complaint brings claims against Auto Owners for breach of contract (Count One) and bad faith (Count Two).  Although Count One simply rests on Auto Owners' failure to pay the claim, the pleading contains additional allegations pertinent to the bad faith cause of action asserted in Count Two. For example, Austin alleges that "[f]rom and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the policy was reasonably clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied … to deny the full payment." (Doc. 6, at ¶ 34.)  Plaintiff's pleading elaborates on the manner in which she contends Auto Owners engaged in bad faith as follows: (i) "Unreasonably and in bad faith failing to resolve this claim;" (ii) unreasonably and in bad faith withholding or delaying sums due and owing to Austin for the covered loss; (iii) "Unreasonable and bad faith failure to make benefit payments to Plaintiff at a time when Defendant knew that Plaintiff was entitled to the payments under the terms of the policies [*sic*];" (iv) "Failing to reasonably investigate and process Plaintiff's claims for benefits;" (v) "Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims for benefits in which liability has become reasonably clear;" (vi) "Failing to provide a prompt and reasonable explanation … for no offer of settlement;" (vii) "Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted;" and so on. (*Id.* at ¶ 27.) Finally, the First Amended Complaint alleges that the acts and omissions of which Austin complains "occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims." (*Id.* at ¶ 36.)

-2-

Auto Owners now seeks dismissal of Count Two on the ground that it "fails to plead the allegations of bad faith, a species of fraud under Alabama law, with the specificity required by Fed. R. Civ. P. 9(b), and merely states generalized and conclusionary [*sic*] statements that do not properly set forth a bad faith claim." (Doc. 9, at ¶ 4.)  Defendant also argues that the allegations of Count Two do not comport with what defendant describes as "[t]he heightened pleading standard requirements of *Twombly* and *Iqbal*." (*Id.*, at ¶ 8.)  In the alternative, defendant requests that the Court order plaintiff to file a more definite statement under Rule 12(e).

## II.    Analysis.[2]

### A.    *Elements of a Bad Faith Claim.*

Because defendant's arguments hinge on the sufficiency of plaintiff's pleading of her bad faith claim, an appropriate starting point is to consider the elements of such a cause of action. Under Alabama law, a plaintiff bringing a claim of bad faith against her insurer must prove the following elements: "(a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim." *Ex parte Alfa Mut. Ins. Co.*, 799 So.2d 957, 962 (Ala. 2001) (citations omitted).  The Alabama Supreme Court has explained that "the inquiry relevant to a claim alleging bad-faith failure to settle is whether the insurer's failure to settle had any lawful basis, that is, whether the insurer had any legitimate or arguable reason for failing to pay the claim." *Mutual Assur., Inc. v. Shulte*, 970 So.2d 292, 296 (Ala. 2007) (citations and internal quotation marks omitted).

---

2       On a Rule 12(b)(6) motion to dismiss for failure to state a claim, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged … in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *see also Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ("In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff."); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (similar).

### B.      Count Two and Rule 9(b).

As a well-settled matter of federal civil procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b), Fed.R.Civ.P.; *see also American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (same). In support of its Motion to Dismiss, defendant maintains that Count Two, as pleaded, does not comport with the specificity requirements of Rule 9(b). An obvious threshold question is whether Rule 9(b) applies to an Alabama bad faith claim at all. In its 7-page motion and 26-page memorandum of law, Auto Owners does not identify a single decision holding that a claim for bad faith denial of insurance benefits under Alabama law must conform to the heightened pleading requirements of Rule 9(b).[3]

Even if Auto Owners were correct that Rule 9(b) governs, movant still must explain how the First Amended Complaint is deficient in that regard. But the pleading goes into considerable detail about the facts on which the bad faith claim is based. Specifically, Austin alleges that she incurred a covered loss (windstorm damaged plaintiff's home, especially her roof) on June 11, 2010; that Auto Owners owed her benefits for the June 11 loss under the Policy, which provided homeowner's coverage to Austin; that, based on its July 23 inspection of the property, Auto Owners had "obvious knowledge" of the dwelling's serious cosmetic and structural damage for which Austin had filed a claim; that Auto Owners' liability to pay the full claim under the Policy was clear; that Auto Owners nonetheless refused to pay the clam, despite actual knowledge that Austin was entitled to insurance benefits and a lack of any reasonable basis for such refusal; that Auto Owners acted knowingly, intentionally, and with the purpose of avoiding payments owed

---

[3]      At best, defendant cites to *Jason's Port City Health Club, Inc. v. Hartford Fire Ins. Co.*, 2005 WL 1527692 (S.D. Ala. June 27, 2005) and *National Sec. Fire & Cas. Co. v. Bowen*, 417 So.2d 179 (Ala. 1982). But neither of these decisions directly supports its position. In *Jason's Port City*, the undersigned merely "assumed" – without finding – "that claims of bad faith under Alabama law are subject to Rule 9(b)." 2005 WL 1527692, at *2. And *Bowen* did not declare that it was imperative for a plaintiff to plead bad faith with particularity, but instead merely opined that "while it would have been preferable" for the plaintiff to do so, "in the interest of liberality in pleading, his failure to do so was not fatal in this case." 417 So.2d at 182-83. Moreover, defendant's reliance on cases in which Alabama courts have framed bad faith as "a species of fraud," *see Jones v. Alfa Mut. Ins. Co.*, 875 So.2d 1189, 1193 (Ala. 2003), is of limited utility because those decisions do not address the applicability (or lack thereof) of Rule 9(b) to such claims.

to Austin; and that Auto Owners' mistreatment of Austin in this manner was symptomatic of a general business practice of similar acts and omissions, all of which are "unfairly designed to reach favorable outcomes for the company at the expense of policyholders." (Doc. 6, at ¶¶ 15-36.)  These allegations plead all of the elements of a bad faith cause of action, as enunciated by the Alabama Supreme Court in cases like *Ex parte Alfa*.

Nonetheless, Auto Owners insists that the First Amended Complaint does not comport with Rule 9(b).  For starters, defendant maintains that Austin has not met her "burden of submitting substantial evidence showing that the claimed loss or damage for which the insured is seeking coverage fits within the insurance language." (Doc. 17-1, at 13.)  This contention misses the mark, inasmuch as it references plaintiff's burden of proof at trial, not her pleading burden.[4]  Of course, a plaintiff need not "submit substantial evidence" at the pleadings stage.

Next, Auto Owners asserts that the First Amended Complaint is inadequate under Rule 9(b) because it "simply does not set forth the times, dates, circumstances, or persons involved with the allegations of bad faith." (Doc. 17-1, at 18; *see also* doc. 25, at 4-5.)  In so arguing, however, defendant incorrectly imports pleading concepts for fraudulent misrepresentations into the bad faith context.  Where fraudulent misrepresentations are concerned, Rule 9(b) requires that a plaintiff must plead what the false statement was, who said it, the circumstances in which it was made, and so on.[5]  Auto Owners would ascribe an identical pleading burden on Austin here, insisting that Count Two must be dismissed because it does not identify "the content of the bad faith statements and/or omissions [or] specifically how the Plaintiff was misled." (*Id.* at 20-21.)  But a bad faith claim does not require false or fraudulent statements at all.  Requiring

---

[4]    The lone case that Auto Owners cites for this proposition is *State Farm Fire and Cas. Co. v. Shady Grove Baptist Church*, 838 So.2d 1039 (Ala. 2002), which was presented on a motion for judgment as a matter of law at the conclusion of trial, not at the pleadings stage. Whether plaintiff will or will not be able to meet her evidentiary burden at trial is of no consequence for purposes of the Rule 9(b) pleadings-stage question of whether she has adequately pleaded her bad faith cause of action.

[5]    *See, e.g., American Dental*, 605 F.3d at 1291 (in fraud context, "a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud") (citation and internal quotation marks omitted).

Austin to plead misleading statements with specificity would be a futile and pointless gesture in this case because her claim is one of bad faith, not fraudulent statements.  So Auto Owners is seeking to impose an ill-fitting obligation on Austin to plead types of facts that may be central to a fraudulent misrepresentation claim, but that have no logical nexus whatsoever to a bad faith claim.  Rule 9(b) cannot reasonably be read as a "one-size-fits-all" rule obligating plaintiffs to plead facts that have nothing to do with the particular cause of action being asserted, to comport with some predetermined universal checklist.  Certainly, defendant identifies no authorities that have held otherwise.  Given this apples-to-oranges problem, the Court will neither engraft pleading requirements specific to fraudulent misrepresentation claims onto a bad faith claim whose elements are substantially different, nor deem Austin's pleading deficient under Rule 9(b) because she failed to plead specific facts that would have been necessary to support a non-existent fraudulent misrepresentation claim had she chosen to bring one.[6]

More generally, recall that, under Alabama law, a plaintiff bringing a "normal" bad faith claim must establish the existence of an insurance contract, intentional refusal to pay the claim, absence of a debatable reason for such refusal, and defendant's knowledge of such absence of a debatable reason.  The First Amended Complaint specifically pleads the existence of a valid insurance policy, a covered loss, a timely claim, Auto Owner's refusal to pay same, and the absence of any debatable reason for denying Austin's claim.  It is not clear what other detail Auto Owners could reasonably need in order to receive "adequate notice … so that [Auto Owners] may prepare its case."  (Doc. 17-1, at 23.)  From reading Austin's pleading, Auto Owners is fully apprised of the specific policy (identified by number), loss (identified by date and physical address), and claim in question.  Auto Owners does not reasonably require any further information in the pleading to prepare a defense centered on the lack of any policy with Austin, proper processing of her claim, or existence of debatable reasons for denying the claim;

---

[6]       It is no answer to argue, as Auto Owners does, that the First Amended Complaint in one paragraph uses the phrase "intentional misrepresentation."  (Doc. 6, at ¶ 32.)  Count Two is obviously a bad faith claim, not a fraudulent misrepresentation claim.  Defendant cannot recast plaintiff's cause of action into something it is not in order to force it into the desired analytical box for the Motion to Dismiss.  As such, defendant's protestations that "[i]t is imperative Plaintiff plead substantive fraud with particularity" (doc. 25, at 5) are unavailing, because there is no "substantive fraud" claim in the First Amended Complaint, at least in the traditional sense of false representations being made.

therefore, requiring Austin to plead Count Two in greater detail would be an empty action divorced from the specific objectives animating Rule 9(b).[7]

To be sure, the First Amended Complaint pleads in only general terms that Auto Owners' refusal to pay Austin's claim was intentional, and that Auto Owners knew there was no legitimate basis for such refusal.  But Rule 9(b) permits such mental-state allegations to be made generally, to-wit:  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Rule 9(b), Fed.R.Civ.P.; *see also United States ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1224 (11th Cir. 2012) (where complaint alleged in general terms that defendants engaged in "an intentional and knowing attempt" to make a false record, "[u]nder Rule 9(b)'s standards, these general allegations are sufficient"); *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) ("Rule 9(b) does not require a plaintiff to allege specific facts related to the defendant's state of mind ….  Instead, … under Rule 9(b), it is sufficient to … allege generally that those statements were made with the requisite intent.").  Thus, there is no Rule 9(b) problem with the form, content, or generality of the mental-state allegations set forth in Count Two.

For all of the foregoing reasons, the Court concludes that Count Two is not deficient under Rule 9(b).  *See generally National Sec. Fire & Cas. Co. v. Bowen*, 417 So.2d 179, 183 (Ala. 1982) (pleading of bad faith claim was sufficient where it alleged "a willful or wanton failure to pay after [plaintiff] had fully complied with the contractual provisions, and … the false representations that valid claims would be paid knowing that such statements were false").  Auto Owners' Motion to Dismiss is due to be **denied** insofar as it argues otherwise.

### C.    *Count Two and* Twombly/Iqbal *Pleading Standard.*

As a separate ground for seeking dismissal of Count Two, Auto Owners asserts that this claim does not pass muster under a *Twombly / Iqbal* analysis.

---

[7]    Another way to look at it is this:  In an ordinary fraud case, the Rule 9(b) who/what/when/where specificity is necessary to apprise the defendant of what it is alleged to have done wrong.  Without knowing the particulars of the fraudulent statement it is accused of making, a defendant cannot respond properly.  Here, however, Auto Owners knows exactly what Austin contends it did wrong, with regard to a specific policy number and claim, plus Austin's allegations that there was no arguable basis for not paying the claim and that Auto Owners knew it.  Armed with this kind of pleading detail, defendant is fully equipped to prepare a defense, and cannot plausibly profess to be in the dark as to Austin's claim.  Rule 9(b) has no role here.

It is now well-established that, to withstand Rule 12(b)(6) scrutiny, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).  Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  Rather, as the Eleventh Circuit has explained, *Twombly*/*Iqbal* principles require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," whose allegations are "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) ("A plaintiff must provide enough factual allegations, which are assumed to be true, to raise a right to relief above the speculative level.").  The complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Speaker*, 623 F.3d at 1380 (citations omitted).

According to Auto Owners, Count Two of the First Amended Complaint flunks *Twombly* / *Iqbal* review because "Plaintiff's complaint contains nothing more than conclusionary [*sic*] allegations against Defendant Auto-Owners" and "[t]he complaint contains no more than claims by the Plaintiff that the Defendant unlawfully harmed her." (Do. 17-1, at 7, 11.)  This characterization of Count Two is inaccurate.  Austin does not merely allege, "Auto Owners committed bad faith," and stop.  To the contrary, her pleading contains numerous facts that lend content and substance to her bad faith claim, such as that she had a valid insurance policy with Auto Owners, that the Policy covered her loss of June 11, 2010, that Austin made a timely claim under the Policy for the June 11 loss, that there was no arguable basis for denying the claim, that Auto Owners had actual knowledge that the loss was covered and that there was no debatable reason for denying the claim, that Auto Owners nonetheless refused to pay the claim, and that Auto Owners was acting pursuant to a general business practice of refusing to pay claims in such

circumstances.  Under any reasonable reading, these allegations extend far beyond a "the defendant-unlawfully-harmed-me accusation," but state a claim to relief that is plausible on its face (and not merely speculative).  The pleading sufficiently alleges a valid insurance policy, a covered loss, a timely claim, a lack of any reasonable basis for denying the claim, and knowledge of these facts by defendant.  Accordingly, the Court finds no *Twombly* / *Iqbal* infirmity in Count Two, as pleaded.[8]

### D.   *Defendant's Request for More Definite Statement.*

Finally, Auto Owners devotes one sentence (repeated on two occasions) in its 26-page principal brief to its alternative motion for a more definite statement.

Under clearly established law, motions for more definite statement are disfavored and are confined to such narrow circumstances as "shotgun pleadings" or unintelligible pleadings, not pleadings that are merely less detailed than a defendant might like.  *See, e.g., Raetano v. Bray*, 2012 WL 2979022, *2 (M.D. Fla. July 20, 2012) ("Motions for a more definite statement are disfavored under the law."); *Dri-Eaz Products, Inc. v. Dan Duc Nguyen*, 2012 WL 1537598, *1 (W.D. Wash. May 1, 2012) (Rule 12(e) motions are "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail") (citations omitted); *Phifer v. Sevenson Environmental Services, Inc.*, 2012 WL 868692, *3 (D. Del. Mar. 14, 2012) (Rule 12(e) motions are "highly disfavored" and appropriate only in a "rare case") (citations omitted).  Simply put, a more definite statement is warranted only if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Rule

---

[8]      Defendant appears to labor under the impression that Austin was obligated to present in her pleading a detailed analysis of the coverage terms of the Policy and an exposition of why she believes her loss fell within those specific coverage terms.  Nothing in the *Twombly* / *Iqbal* line of precedents would require a plaintiff to drill down to that level of detail or to transform her complaint into a summary judgment-style memorandum of law setting forth the entirety of her coverage argument, extensive analysis and application of the relevant policy provisions, and so on.  As such, defendant would stretch *Twombly* / *Iqbal* principles to impose a far more rigorous pleading hurdle on federal-court plaintiffs than they actually do.  *See American Federation of Labor and Congress of Indus. Organizations v. City of Miami, FL*, 637 F.3d 1178, 1186 (11th Cir. 2011) (in post-*Twombly* era, recognizing that "notice pleading does not require a plaintiff to specifically plead every element of his cause of action"); *Ceant v. Aventura Limousine & Transp. Service, Inc.*, --- F. Supp.2d ----, 2012 WL 2428536, *3 (S.D. Fla. June 27, 2012) ("While *Twombly* and *Iqbal* have certainly raised the bar for notice pleading, they do not demand detailed factual allegations.") (citation and internal quotation marks omitted).

12(e), Fed.R.Civ.P.; *see Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F.Supp.2d 1218, 1221 (S.D. Ala. 2005) ("A motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.") (citations omitted).

Auto Owners articulates no legal argument for how this stringent threshold could be satisfied here.  On its face, the First Amended Complaint is pleaded with sufficient specificity and clarity that Auto Owners is fairly notified of the nature of Count Two and is capable of framing a responsive pleading.  Thus, a more definite statement is not reasonably necessary to safeguard Auto Owners' interests or facilitate its ability to fashion a responsive pleading.  Defendant's alternative Rule 12(e) motion is **denied**.

## III.     Conclusion.

For all of the foregoing reasons, defendant's Motion to Dismiss or, In the Alternative, Motion for Definite Statement (doc. 9) is **denied**.  Defendant is **ordered** to file its answer to the First Amended Complaint on or before **August 9, 2012**.


DONE and ORDERED this 30th day of July, 2012.


s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE